IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| TERRY TERRELL JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 7:15-cv-00667-MHH-TMP |
| ) | |
| JAMES H. ROBERTS, JR., *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM OPINION**

On February 1, 2018, the magistrate judge entered a report in which he recommended that the Court deny and dismiss with prejudice as time-barred and procedurally defaulted petitioner Terry Terrell Johnson's 28 U.S.C. § 2254 petition for writ of habeas corpus. (Doc. 8). The magistrate judge advised the parties of their right to file objections within 14 days. (Doc. 8, pp. 10-11). To date, no party has filed objections to the magistrate judge's report and recommendation.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court reviews legal conclusions in a report *de novo* and reviews for plain error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779

n.9 (11th Cir. 1993); *see also LoConte v. Dugger,* 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).[1]

Having reviewed the habeas petition and the report and recommendation, the Court finds no misstatements of law in the report and no plain error in the magistrate judge's description of the relevant state court proceedings. Therefore, the Court adopts the magistrate judge's report and accepts his recommendation.

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, the Court has evaluated the claims within the petition for suitability for the issuance of a certificate of appealability (COA). *See* 28 U.S.C. § 2253.

Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a COA or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner"

---

[1] When a party objects to a report in which a magistrate judge recommends dismissal of the action, a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §§ 636(b)(1)(B)-(C).

or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id*.

The Court finds that reasonable jurists could not debate its resolution of the claims presented in this habeas corpus petition. For the reasons stated in the magistrate judge's report and recommendation, the Court declines to issue a COA with respect to any claims.

The Court will enter a separate order consistent with this memorandum opinion.

**DONE** this 6th day of August, 2018.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE